UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11806

LASHENA JONES-BUTLER

v.

ATTORNEY GENERAL MARTHA COAKLEY;
UNITED STATES SENATOR ELIZABETH WARREN;
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION;
BOSTON MUNICIPAL COURT; ROXBURY DISTRICT COURT;
BOSTON POLICE DEPARTMENT; UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT; GREATER BOSTON LEGAL
SERVICES; BOSTON TRANSPORTATION DEPARTMENT;
COMMONWEALTH OF MASSACHUSETTS; DEVAL PATRICK, in his
capacity as the Governor of Massachusetts; THOMAS MENINO, and his
administration; and MARTIN WALSH, and his administration

MEMORANDUM AND ORDER ON DEFENDANTS
UNITED STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT AND ELIZABETH WARREN'S MOTION TO DISMISS

July 8, 2015

STEARNS, D.J.

Pro se plaintiff Lashena Jones-Butler instituted this putative class action on April 8, 2015, in the Suffolk Superior Court against defendants United States Department of Housing and Urban Development (HUD), United States Senator Elizabeth Warren, and various state and local officials and government agencies. Without particularizing claims or grievances against named defendants, Jones-Butler's Complaint simply alleges an

"eroding [of her] discrimination cases brought to City Hall and State House and MCAD [Massachusetts Commission Against Discrimination] consistent invidious discrimination against [her] constitutional rights that gives Black Americans freedom." Compl. ¶ 3.  The Complaint adds the general allegation that defendants are "consistently violating policies, procedures, rules & due process and regulations that have an adverse impact on the operation of integrity of this gov't when I ask for help.  The Commonwealth neglect[s] their (sic) duty to service me in a timely manner." *Id.*  Jones-Butler asks the court to order defendants to "refrain from retaliation, making laws that would affect the poor/middle class, [thereby] eroding this class action civil suit." *Id.*

Senator Warren removed the action to the federal district court on May 8, 2015.  On May 15, 2015, she filed a motion to dismiss.  HUD filed a similar motion on June 18, 2015.[1]  The federal defendants, Senator Warren and HUD, ask the court to dismiss Jones-Butler's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim for which relief may be granted.  They assert that Jones-Butler lacks standing and cannot establish that the United States has waived sovereign immunity

---

[1] To date, Jones-Butler has not file an Opposition to either of the federal defendants' dispositive motions.

and consented to suit.  In the alternative, they assert as a procedural matter Jones-Butler's Complaint fails to comply with Fed. R. Civ. P. 8, or raise any "plausible inference" of a violation of her rights (at least insofar as the federal defendants are concerned).  HUD's Mem. at 3.

## DISCUSSION

Initially, HUD and Elizabeth Warren move to dismiss for lack of subject matter jurisdiction.  "'The party invoking federal jurisdiction bears the burden of establishing' standing."[2]  *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1148 (2013), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To establish Article III standing, Jones-Butler must show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 133 S.Ct. at 1147, quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).  Jones-Butler's Complaint fails utterly to articulate any actionable injury.

---

[2] "The federal courts are required to determine whether Article III jurisdiction exists prior to proceeding to the merits of the case." *United Seniors Ass'n, Inc. v. Philip Morris USA*, 500 F.3d 19, 23 (1st Cir. 2007).

Moreover, "[f]ederal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity." *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014), citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994).   The Federal Tort Claims Act (FTCA) comprises a limited waiver of federal sovereign immunity, which allows the government to be held liable for certain specified tortious acts and omissions.  *See* 28 U.S.C. § 1346(b)(1).   HUD and Warren point out that, if Jones-Butler's intent was to proceed under the FTCA, prior to bringing suit against the United States, a litigant is required to file an administrative claim with the agency having jurisdiction.  *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").   Jones-Butler has failed to allege that she complied with this procedural prerequisite and, therefore, Senator Warren and HUD are immune from the present suit.

Apart from lack of standing, Senator Warren and HUD maintain that Jones-Butler's Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and may, therefore, be dismissed pursuant to Rule 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 requires, among other things, that a Complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox Cnty.*, 470 F.3d 422, 430 (1st Cir. 2006), quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004). This means that Jones-Butler's statement of her claim(s) must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* at 68. Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.,* quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988). The Complaint contains but three sentences purporting to describe alleged generalized misconduct. The court cannot assume that

Jones-Butler intends to bring claims against every person or organization listed on pages 3 and 4 of her Complaint.  Further, Jones-Butler has not identified her legal claims, and the court cannot decide for her the legal theory she might pursue relief against a particular defendant.  Under Rule 12, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

## ORDER

For the foregoing reasons, Senator Warren's and HUD's motions to dismiss the Complaint are <u>ALLOWED</u>.  Because the remaining defendants are state officials and agencies, and the court has no means of determining from the current docket whether these defendants have been served with the Complaint, it will order the Clerk to remand the state aspects of the case to Suffolk Superior Court for resolution.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE